IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

AMY S. HICKEY,

    Plaintiff,

vs.

NANCY A. BERRYHILL,
Acting Commissioner,
Social Security Administration,

    Defendant.

Civil Action No. ADC-16-3524

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

On October 25, 2016, Amy Hickey ("Plaintiff") petitioned this court to review the Social Security Administration's ("SSA") final decision to deny her claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 15 and 19), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2016). In addition, for the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED, and the decision of the SSA is AFFIRMED.

### PROCEDURAL HISTORY

On January 16, 2013, Plaintiff filed a Title II application for a period of disability and DIB and a Title XVI application for SSI, alleging disability beginning on December 5, 2012. Her claims were denied initially and upon reconsideration on May 13, 2013 and September 27, 2013, respectively. Subsequently, on October 9, 2013, Plaintiff filed a written request for a hearing and, on February 3, 2015, a video hearing was held whereby Plaintiff appeared in

1

Cumberland, Maryland and an Administrative Law Judge ("ALJ") presided over the hearing from Charlottesville, Virginia. On March 27, 2015, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act [(the "Act")], from December 5, 2012, through the date of this decision." *See* ECF No. 12-3 at 42. Thereafter, Plaintiff filed an appeal of the ALJ's disability determination and, on September 4, 2016, the Appeals Council denied Plaintiff's request for review. Thus, the decision rendered by the ALJ became the final decision of the Commissioner. *See* 20 C.F.R. § 416.1481 (2017); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On October 25, 2016, Plaintiff filed the Complaint in this Court seeking judicial review of the Commissioner's denial of Plaintiff's disability application.[1] On March 6, 2017, Plaintiff filed a Motion for Summary Judgment. On June 19, 2017, Defendant filed a Motion for Summary Judgment. This matter is now fully briefed and the Court has reviewed Plaintiff's Motion for Summary Judgement and Defendant's Motion for Summary Judgment.

## STANDARD OF REVIEW

"This Court is authorized to review the Commissioner's denial of benefits under 42 U.S.C.A. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith*

---

[1] On July 31, 2017, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

*v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the Secretary's finding of non-disability is to be upheld, even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) ("Under the [Act], [a reviewing court] must uphold the factual findings of the [ALJ] if they are supported by substantial evidence and were reached through application of the correct legal standard." (citations omitted)).

Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." *Smith*, 99 F.3d at 638. "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Johnson*, 434 F.3d at 653 (internal citations omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

## DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for DIB, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant shall be determined to be under disability where "[her] physical or mental impairment or impairments are of such a severity that [she] is not only unable to do [her] previous work but cannot, considering [her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the Commissioner, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24 (2003). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the

duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's "residual functional capacity" ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. § 404.1520(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig*, 76 F.3d at 594; 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1).

At this second stage, the ALJ must consider all of the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective medical evidence. SSR 96-7p, 1996 WL 374186, at *1–9 (July 2, 1996). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments she has received for her symptoms, medications, and any other factors contributing to functional limitations. *Id.*, at *5.

At step four, the ALJ considers whether the claimant has the ability to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(e), 416.920(a)(4)(iv), 416.920(e).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ Determination

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of December 5, 2012. ECF No. 12-3 at 34. At step two, the ALJ found that Plaintiff had the severe impairment of gastroparesis. *Id.* At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 35. At step four, the ALJ determined that Plaintiff was "capable of performing past relevant work as a retail manager" because this work does not require the performance of work-related activities precluded by Plaintiff's RFC of "light work" with some lifting, carrying, standing, walking, and sitting limitations. *Id.* at 36, 40–41. Finally, at step five, although he had determined that Plaintiff was capable of performing past relevant work, the ALJ found, in the alternative, that "considering [Plaintiff]'s age, education, work experience, and [RFC], there are other jobs that exist in significant numbers in the national economy that [Plaintiff] also can perform." *Id.* at 41. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability, as defined in the [Act], from December 5, 2012, through the date of this decision." *Id.* at 42.

## Discussion

Plaintiff solely contends that the ALJ erred when he found that Plaintiff is capable of performing past relevant work as a retail manager because this finding cannot be supported by substantial evidence. ECF No. 15 at 5–6. Specifically, Plaintiff argues that she cannot perform past relevant work because attending her medical appointments would require her to miss approximately two to four days of work per week. *Id.* at 6–9. The Court, however, finds that

Plaintiff's argument lacks merit and that the ALJ properly determined that Plaintiff could perform past relevant work.

This case is not like *Payne v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-1015, 2015 WL 412923 (D.Md. Jan. 29, 2015). In *Payne*, the Court found the ALJ's analysis deficient for failing to discuss Mr. Payne's anticipated absenteeism as a result of the frequency of his medical attention, including hospitalizations, surgical procedures, and emergency room visits. *Id.* at *1. The Court considered the fact that "many of Mr. Payne's complaints were corroborated by objective testing demonstrating that he in fact suffered from kidney stones" and the record's failure to explain how "Mr. Payne would be able to sustain employment, without having excessive absenteeism that would likely result in his termination." *Id.* Here, in contrast, Plaintiff's absenteeism would arise from scheduled appointments, not "quite frequent" emergencies, *id.*, which could hopefully be arranged to accommodate Plaintiff's work schedule. Only one of Plaintiff's absences during the period covered was due to a procedure; the vast majority stemmed from office visits with various doctors. ECF No. 15-1 at 7–9.

During the hearing, a vocational expert testified regarding absenteeism for a hypothetical person with similar alleged limitations as Plaintiff:

> [I]f a person misses one day a week on an unscheduled basis . . . , it would even be a scheduled basis but -- because the person has an appointment they could certainly schedule the day off, but if it becomes one day a week on an unscheduled basis -- on a -- on either a scheduled basis and then it equals to three days a month even if it were on a scheduled basis where they would be missing work and then if the person were missing two days or more a month, then such a person would normally be exceeding work tolerances unless the employer makes up sort of accommodation.

ECF No. 12-3 at 70. Regarding Plaintiff's medical appointments, the ALJ recapped Plaintiff's testimony "that since August she has been staying three days a week at a hotel in Baltimore to go

8

to her doctors' appointments." ECF No. 12-3 at 36. The ALJ evaluated Plaintiff's credibility and found the she was "only partially credible," and thus, accorded her statements "little weight." *Id.* at 38. Plaintiff's treating source, whose opinion the ALJ also gave little weight, opined that Plaintiff would be absent from work about three days per month. *Id.* at 40. Even this lower estimation, which greatly differs from Plaintiff's account, still exceeds the objective evidence in the record.[2] By the mention of absenteeism in his opinion, the ALJ did not neglect to consider the effect of absenteeism in his determination of Plaintiff's ability to perform past relevant work. *See Cater v. Astrue*, Civil No. H-08-2844, 2009 WL 2901556, at *13 n.159 (S.D.Tex. Sept. 1, 2009). Accordingly, the ALJ's step four determination was properly supported by substantial evidence from the record.[3]

---

[2] As the Commissioner points out in her Motion for Summary Judgment, Plaintiff's fifty-three listed appointments span over twenty-eight months and, even if each appointment occurred on a different day and required that Plaintiff take off the entire day, she would miss about two days of work per month on average. ECF No. 19-1 at 5. Plus, the record demonstrates that Plaintiff had multiple appointments on four days, some of the listed appointments did not have any treatment notes, and some of the appointments were not listed in the record. *Id.* at 5–6. Thus, the record shows that Plaintiff attended appointments on fewer than fifty-three days, *id.* at 6, which brings her average down to less than two days per month.

[3] Additionally, even if the ALJ had determined that Plaintiff was unable to perform past relevant work, his finding under step five of the sequential evaluation would lead to the same conclusion that Plaintiff is not disabled. *See Lindsey v. Soc. Sec. Admin. Comm'r*, Civil No. JAW-10-0038, 2011 WL 86567, at *2 (D.Me. Jan. 10, 2011) (rejecting the argument that an ALJ may not offer an alternative step five finding when he or she has made a finding of "not disabled" at step four). This Court has previously recognized the propriety of alternative step five findings. *See Timmons v. Colvin*, Civil No. ADC-16-0271, 2016 WL 7408837, at *6 (D.Md. Dec. 21, 2016) (holding that the ALJ's error at step four was harmless error where the Court upheld the ALJ's alternative step five finding); *Queen v. Astrue*, Civil No. TMD-10-3364, 2012 WL 1016822, at *3 (D.Md. Mar. 23, 2012) (same); *see also Malachi v. Colvin*, Civil No. 214-cv-03334-TMC-MGB, 2016 WL 551828, at *5 (D.S.C. Jan. 25, 2016). Plaintiff has not challenged the ALJ's alternative finding, which alone would result in affirmance of the ALJ's ultimate conclusion that Plaintiff was not disabled.

## CONCLUSION

In summation, the Court finds that the ALJ properly evaluated the evidence on record and provided substantial evidence in support of the finding that Plaintiff was "not disabled" within the meaning of the Act. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 15) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 19) is GRANTED, and the decision of the Social Security Administration is AFFIRMED. The clerk is DIRECTED to close this case.

Date: 12 September 2017

A. David Copperthite
United States Magistrate Judge